UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SULLIVAN, et al.,<br><br>                    Defendants. | **1:19-cv-00688-NONE-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT (ECF No. 23.)** |

I.     **INTRODUCTION**

On March 30, 2021, the court issued findings and recommendations, recommending that this case proceed with Plaintiff's medical and excessive force claims found cognizable by the court, and that all other claims be dismissed for Plaintiff's failure to state a claim.  (ECF No. 22.) Plaintiff was granted fourteen days in which to file objections to the findings and recommendations.  (Id.)

On April 12, 2021, Plaintiff filed a document titled "Objections to Magistrate Judge Findings and Recommendations."  (ECF No. 23.)  However, Plaintiff did not object to the findings and recommendations in said document, instead he submitted a proposed amended complaint.  The court construes Plaintiff's submission of the proposed amended complaint as a request by Plaintiff to file the amended complaint.

## II.    LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff has previously amended the complaint and no defendants have appeared in the case.  Therefore, Plaintiff requires leave of court to file an amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

## III.    ANALYSIS

### *Background*

Plaintiff filed the Complaint commencing this action on April 30, 2019, in the United States District Court for the Northern District of California.  (ECF No. 1.)  On May 9, 2019, the case was transferred to this court.  (ECF No. 7.)

On August 17, 2020, the court screened the Complaint and found that Plaintiff stated cognizable claims against defendants Ottsman and Chavez for use of excessive force against Plaintiff in violation of the Eighth Amendment, but no other claims.  (ECF No. 17.) The court issued a screening order requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the cognizable excessive force claims against defendants

Ottsman and Chavez.  (Id.)  On September 14, 2020, Plaintiff filed the First Amended Complaint.  (ECF No. 18.)

On September 25, 2020, the court screened the First Amended Complaint and issued an order requiring Plaintiff to either (1) file a Second Amended Complaint or (2) notify the court of his willingness to proceed only with the excessive force claims against defendants Ottsman and Chavez found cognizable by the court.  (ECF No. 20.)  On October 8, 2020, Plaintiff filed the Second Amended Complaint.  (ECF No. 21.)

On March 30, 2021, the court issued findings and recommendations, recommending that this case proceed with the Second Amended Complaint against Defendants Ottsman and Chavez on Plaintiff's medical claims under the Eighth Amendment; and against Defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas for use of excessive force under the Eighth Amendment; and that all other claims and defendants be dismissed from this action based on Plaintiff's failure to state a claim.  (ECF No. 22.)

### *Discussion*

Plaintiff now submits a proposed amended complaint, which if accepted by the court would be Plaintiff's Third Amended Complaint.  Plaintiff's request for leave to amend must be denied because it would be futile for Plaintiff to file the proposed Third Amended Complaint.

The proposed Third Amended Complaint names defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas, who were all named in the Second Amended Complaint.  Plaintiff again brings excessive force claims against defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas, and medical claims against defendants Ottsman and Chavez.  In the pending findings and recommendations, the court found that Plaintiff states cognizable claims for excessive force and insufficient medical care against these same defendants in the Second Amended Complaint.

Plaintiff has not shown that he has any new evidence to support his medical claims against Defendants Ottsman and Chavez, his excessive force claims against Defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas, or any other claim against any of the named Defendants.  Plaintiff alleges in the proposed amended complaint that defendants Clayton,

Gratokoski, and Cardenas failed to properly train defendants Ottsman and Chavez. This is a state law claim and as the court found in the findings and recommendations, Plaintiff fails to state any state law claims because he has not alleged compliance with the state's requirement to file a timely claim with the Victim Compensation and Government Claims Board. Plaintiff also alleges in the proposed amended complaint that officers harassed him with obscenities because of his disabilities. As discussed in the findings and recommendations, verbal harassment does not rise to the level of a constitutional violation and therefore Plaintiff fails to state a claim for harassment. As such, it would be futile for Plaintiff to file a Third Amended Complaint with the same claims he brought in the Second Amended Complaint, which the court has already discussed and analyzed in the findings and recommendations. Therefore, Plaintiff's request for leave to amend must be denied as futile.

## IV.      CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for leave to amend the complaint, filed on April 12, 2021, is DENIED.

IT IS SO ORDERED.

Dated:   __April 15, 2021__                    _____/s/ Gary S. Austin_____
                                                          UNITED STATES MAGISTRATE JUDGE

4