UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SULLIVAN, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00688-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR LEAVE TO AMEND THE COMPLAINT**<br>**(ECF No. 25.)**<br><br>**FOURTEEN-DAY DEADLINE TO FILE OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS** |

**I.　INTRODUCTION**

On March 30, 2021, the court issued findings and recommendations, recommending that this case proceed with Plaintiff's medical claims against defendants Ottsman and Chavez, and excessive force claims against defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas; finally that all other claims be dismissed for Plaintiff's failure to state a claim. (ECF No. 22.) Plaintiff was granted fourteen days in which to file objections to the findings and recommendations. (Id.)

On April 12, 2021, Plaintiff filed a document titled "Objections to Magistrate Judge Findings and Recommendations." (ECF No. 23.) However, Plaintiff did not object to the findings and recommendations in said document; instead, he submitted a proposed amended

1

complaint. The court construed Plaintiff's submission of the proposed amended complaint as a request by Plaintiff to file the amended complaint, and issued an order on April 15, 2021, denying Plaintiff's motion to amend the complaint as futile. (ECF No. 24.)

On April 30, 2021, Plaintiff filed another motion for leave to amend the complaint. (ECF No. 25.)

## II. LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff has previously amended the complaint and no defendants have appeared in the case. Therefore, Plaintiff requires leave of court to file an amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

## III. ANALYSIS

Plaintiff requests leave to file a Third Amended Complaint to add a defendant, reflect the identity and actions of defendants Ottsman, Chavez, Clayton, Gratokoski and Cardenas, and to show evidence that he filed a state government claim and medical paperwork along with his original Complaint.

Plaintiff states that since the filing of the Complaint he discovered that defendant Sullivan's name is W. Sullivan. This is not new information. Plaintiff identified defendant Sullivan as W. Sullivan in the original Complaint, First Amended Complaint, and Second Amended Complaint. Plaintiff does not indicate that he has any new evidence against defendant Sullivan, and the court found in the findings and recommendations that Plaintiff fails to state a claim against defendant Sullivan. Thus, it would be futile for Plaintiff to amend the complaint to identify defendant Sullivan as W. Sullivan.

Plaintiff also seeks to amend the complaint to reflect the identity and actions of defendants Ottsman, Chavez, Clayton, Gratokoski and Cardenas. The court has already found cognizable claims against these defendants in the Second Amended Complaint, and Plaintiff does not claim to have any new identity or evidence pertaining to any of these defendants. Thus, it would be futile for Plaintiff to amend the complaint to reflect the identity and actions of defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas.

With respect to Plaintiff's state claims, Plaintiff states that he previously submitted proof of his compliance with the Government Claims act and can re-submit it to the court if needed. In fact, the court already has a copy of Plaintiff's state claim which was submitted as an attachment to Plaintiff's original Complaint. However, as discussed next, Plaintiff's claim is insufficient to satisfy the state's requirements.

**Government Claims Act Requirements**

"California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the [Department of General Services][1] no more than six months after the cause of action accrues." Lopez v. Cate, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2). "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against defendant

---

[1] The Department of General Services was formerly the Victim Compensation and Government Claims Board. McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021).

3

and thus an element of the plaintiff's cause of action." Id. (internal quotation marks and citations omitted). The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021) (citing McPherson v. Alamo, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing Parthemore v. Col, 221 Cal. App. 4th 1372, 1376 (2013)).

The events at issue in this action allegedly occurred on August 10, 2018 at the California Correctional Institution in Tehachapi, California. Plaintiff's state claim, which was attached to the original Complaint, is dated April 23, 2019, which is more than six months after the events alleged in the Complaint. Thus it does not meet the state's requirement to submit a claim within six months of the accrual of the cause of action. Moreover, there is no evidence that Plaintiff actually submitted the claim to the Department of General Services or that the claim was granted or denied. Under these facts Plaintiff has not shown that he complied with the Government Claims Act and it would therefore be futile for Plaintiff to amend the complaint to re-submit the already received copy of the state claim that was attached to the original Complaint.

## IV. CONCLUSION

As discussed above, the court finds that it would be futile for Plaintiff to amend the complaint as requested in his second motion to amend. It would also be futile for Plaintiff to file a Third Amended Complaint with the same claims brought in the Second Amended Complaint, which the court has already discussed and analyzed in the findings and recommendations. Therefore, Plaintiff's request for leave to amend must be denied as futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

Plaintiff has already filed three complaints in this action with ample guidance from the court and has stated cognizable claims in the Second Amended Complaint for inadequate medical care and for use of excessive force. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state any additional cognizable

claims. The court shall not consider any further motions to amend by Plaintiff. However, Plaintiff shall be granted a fourteen-day extension of time in which to file objections to the findings and recommendations.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint, filed on April 30, 2021, is DENIED;

2. The court shall not consider any further motions for leave to amend the complaint submitted by Plaintiff in this case; and

3. Plaintiff is granted fourteen days from the date of service of this order in which to file objections to the findings and recommendations issued on March 30, 2021.

IT IS SO ORDERED.

Dated: **May 3, 2021**                   **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE