UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>    Plaintiff,<br><br>v.<br><br>SULLIVAN, et al.,<br><br>    Defendants. | No. 1:19-cv-00688-NONE-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 22) |

Plaintiff Adrian Solorio, a state inmate, filed the civil-rights complaint commencing this action on April 30, 2019 in the United States District Court for the Northern District of California. (Doc. No. 1.) On May 9, 2019, the case was transferred to this district. (Doc. No. 7.) This action now proceeds on plaintiff's second amended complaint, which he filed on March 30, 2021. (Doc. No. 22.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 30, 2021, the assigned magistrate judge entered findings and recommendations, recommending that this action proceed against (1) defendants I. Ottsman and V. Chavez on plaintiff's medical claims under the Eighth Amendment, and (2) defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas for use of excessive force under the Eighth Amendment. (Doc. No. 22.) The findings and recommendations further recommended that all other claims and defendants be dismissed from this action based on plaintiff's failure to state a claim. (*Id.*)

On April 12, 2021, plaintiff filed a document that was captioned both as an amended complaint and as objections to findings and recommendations. (Doc. No. 23.) The magistrate judge construed the filing as a motion by plaintiff for leave to amend his complaint and denied leave to amend. (Doc. No. 24.) On April 30, 2021, plaintiff filed another motion seeking leave to amend the complaint, which the assigned magistrate judge denied on May 4, 2021, concluding that amendment would be futile. (Doc. Nos. 25, 26.) However, the magistrate judge granted plaintiff an additional fourteen days to file any objections to the March 30, 2021 findings and recommendations. (Doc. No. 26 at 5.) On May 17, 2021, plaintiff filed such objections. (Doc. No. 27.)

Plaintiff's first objection is that he believes he stated claims against defendants Sullivan and Barthelmes due to their alleged failure to train their subordinates. (*Id.* at 2.) Plaintiff alleges that defendant Sullivan is the warden of his institution of confinement and defendant Barthelmes is the lieutenant who was on duty on the day plaintiff was allegedly beaten by guards. (*Id.* at 2.)

"[C]ulpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "[F]ailure to train . . . employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' " *Id.* (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). "[W]hen [governmental supervisors] are on actual or constructive notice that a particular omission in their training program causes [subordinates] to violate citizens' constitutional rights, [supervisors] may be deemed deliberately indifferent if the [supervisors] choose to retain the program." *Id.* "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* (internal quotations and citation omitted).

In his operative complaint, plaintiff alleges that as warden, defendant Sullivan is legally responsible for all operations at the prison and, through his chief deputy, knows about the excessive force his subordinates use. (Doc. No. 21 at 11.) Although plaintiff alleges that excessive force has been used at other times, plaintiff does not allege that defendant Sullivan disregarded a known or obvious risk or had actual or constructive notice of any omissions in any

2

*training programs*. Moreover, plaintiff does not allege a pattern of similar constitutional violations by untrained employees. Thus, plaintiff has failed to state a cognizable supervisorial liability claim against defendant Sullivan based upon an alleged failure to train.

Similar defects apply to plaintiff's allegations against defendant Barthelmes. Although plaintiff alleges defendant Barthelmes is a supervisor, plaintiff does not allege that defendant Barthelmes disregarded a known or obvious risk or had actual or constructive notice of any omissions in any training programs. Reading plaintiff's complaint with the required liberality, plaintiff alleges that defendant Barthelmes conducts a training program at the prison. (*See id.*) However, there are no allegations in the complaint indicating that this training program caused the alleged constitutional violations against plaintiff.

Plaintiff's other allegations about defendant Barthelmes do not change this analysis. Plaintiff alleges defendant Barthelmes has engaged in other violent behavior, but plaintiff's lawsuit is not about defendant Barthelmes' violent behavior in other circumstances. Plaintiff further alleges defendant Barthelmes asked plaintiff to drop his lawsuit, but he does not allege that defendant Barthelmes engaged in any sort of retaliation—nor does plaintiff seem to bring any retaliation claim against defendant Barthelmes. (*See id.*)

Plaintiff's second objection does not address the reasoning adopted in the pending findings and recommendations. Rather, plaintiff merely states that defendants Sullivan and Barthelmes failed to take corrective actions and are guilty of misconduct. (Doc. No. 27 at 2.)

Plaintiff's remaining objections concern qualified immunity. (*See id.* at 2-4.) However, the findings and recommendations do not rely on qualified immunity. (*See* Doc. No. 22.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued by the magistrate judge on March 30, 2021, (Doc. No. 22), are ADOPTED IN FULL;

2. This case shall proceed on plaintiff's second amended complaint (Doc. No. 21), with respect to plaintiff's claims against defendants Ottsman and Chavez for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas for use of excessive force in violation of the Eighth Amendment;

3. All other claims and defendants are dismissed; and

4. This case is referred back to the assigned magistrate judge for further proceedings, including initiation of service.

IT IS SO ORDERED.

Dated: **June 4, 2021**

_____
UNITED STATES DISTRICT JUDGE