UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ADRIAN SOLORIO, | 1:19-cv-00688-NONE-GSA-PC |
|---|---|
| Plaintiff, | **ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT SERGEANT GRATOKOSKI SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE** |
| vs. | |
| SULLIVAN, et al., | **(ECF No. 33.)** |
| Defendants. | **THIRTY DAY DEADLINE** |

## I. BACKGROUND

Adrian Solorio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint filed on October 8, 2020, against defendants I. Ottsman and V. Chavez on plaintiff's medical claims under the Eighth Amendment, and against defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas for use of excessive force under the Eighth Amendment. (ECF No. 24.)

1

On June 8, 2021, the court issued an order directing service upon defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas. (ECF No. 29.) On June 24, 2021, the U.S. Marshal filed a return of service unexecuted as to defendant Gratokoski, indicating that the Marshal was unable to identify defendant Gratokoski for service of process. (ECF No. 33.)

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### *Background*

The return of service filed by the Marshal on June 24, 2021, indicates that on June 24, 2021, the Marshal reached out to the Litigation Coordinator at California Correctional Institution

in Tehachapi, California, to try and identify Sergeant Gratokoski. The Marshal provided alternate spellings of the last name to the Litigation Coordinator and she stated they do not have any staff, past or present, with a name even close. Return process was unexecuted as the Marshal was unable to identify the defendant based on the information provided. (ECF No. 33.)

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendant Sergeant Gratokoski should not be dismissed from this action for failure to serve process. Plaintiff has not provided sufficient information to identify and locate defendant Sergeant Gratokoski for service of process. If Plaintiff is unable to provide the Marshal with additional information, defendant Sergeant Gratokoski shall be dismissed from this action.

### III.  ORDER TO SHOW CAUSE

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a written response to this order, showing cause why defendant Sergeant Gratokoski should not be dismissed from this action pursuant to Rule 4(m); and
2. Plaintiff's failure to respond to this order may result in the dismissal of defendant Sergeant Gratokoski or dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:  **July 8, 2021**              **/s/ Gary S. Austin**
                            UNITED STATES MAGISTRATE JUDGE