UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>         Plaintiff,<br><br>     vs.<br><br>SULLIVAN, et al.,<br><br>         Defendants. | **1:19-cv-00688-NONE-GSA-PC**<br><br>**ORDER GRANTING AMENDMENT OF COMPLAINT TO CORRECT DEFENDANT GRATOKOSKI'S NAME TO R. J. MACIEJEWSKI**<br>**(ECF No. 43.)**<br><br>**ORDER CORRECTING DEFENDANT GRATOKOSKI'S NAME TO R. J. MACIEJEWSKI**<br><br>**ORDER FOR CLERK TO REFLECT THIS NAME CHANGE ON THE DOCKET** |

**I.     BACKGROUND**

Adrian Solorio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 30, 2019. (ECF No. 1.)  On June 4, 2021, the Court ordered that this case proceed with Plaintiff's Second Amended Complaint against defendants Ottsman and Chavez on Plaintiff's medical claims under the Eighth Amendment; and against defendants Ottsman, Chavez, Clayton, Gratokoski, and Cardenas for use of excessive force under the Eighth Amendment, and dismissed all other claims based on Plaintiff's failure to state a claim. (ECF No. 28.)

On June 24, 2021, the U.S. Marshal filed a return of service unexecuted as to defendant Gratokoski, indicating that the Marshal was unable to identify defendant Gratokoski for service of process.  (ECF No. 33.)   On July 8, 2021, the court issued an order to show cause requiring Plaintiff to respond and show cause why defendant Gratokoski should not be dismissed for Plaintiff's failure to effect service.  (ECF No. 34.)

On August 10, 2021, Plaintiff responded to the order to show cause explaining that he had been given defendant's wrong name by a prison officer.  (ECF No. 37.)  Plaintiff stated that he was proceeding with a request to see the Telestaff Assignment Roster dated August 10, 2018, to learn the defendant's true name.  (Id. at 2:1-17.)  On September 20, 2021, Plaintiff notified the court that the defendant he had identified as Sergeant Gratokoski is in fact named Sergeant R.J. Maciejewski.  (ECF No. 43.)

**II.     FEDERAL RULE OF CIVIL PROCEDURE 15(c)**

Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides:

(1)    When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:

    (A)    the law that provides the applicable statute of limitations allows relation back;

    (B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

    (C)    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i)     received such notice of the action that it will not be prejudiced in defending on the merits; and

///

///

(ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

**III. DISCUSSION**

The Court construes Plaintiff's notice (ECF No. 43) to include a motion under Federal Rule of Civil Procedure 15 to substitute defendant Gratokoski's name with the true name R. J. Maciejewski.

Plaintiff identifies the defendant by name and requests the court to issue an order directing service upon defendant Sergeant R. J. Maciejewski. (ECF No. 43 at 3.) Although Plaintiff did not submit a proposed Third Amended Complaint identifying the defendant by name within the pleading as contemplated in Rule 15(c) and Local Rule 220,[1] the court's August 10, 2021 order (ECF No. 37) did not require him to do so. Thus, filing a Third Amended Complaint to merely correct the name of one of the defendants is unnecessary.

Based on the foregoing, the Second Amended Complaint will remain the operative complaint in this action and the Court will substitute the name R. J. Maciejewski for defendant Gratokoski's name. See Altheide v. Williams, Case No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 * 1 (D. Nevada Jan. 3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named defendants for the John Doe Defendants). The Court shall direct the Clerk to reflect the change in Sergeant Gratokoski's name to R. J. Maciejewski on the docket.

**IV. CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's notice (ECF No. 43) seeking to amend the complaint to substitute the name R. J. Maciejewski as the true name for defendant Gratokoski is granted;

---

[1] See Local Rule 220 (stating in relevant part that "changed pleadings" shall refer to the amended and supplemental pleadings and unless prior approval to the contrary is obtained, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by the court order shall be typed and filed so that it is complete in itself without preference to the prior or superseded pleading. . . .").

2. The name R. J. Maciejewski is substituted for defendant Gratokoski's name.

3. The court shall initiate service upon defendant Maciejewski in due course; and

4. The Clerk is directed to reflect defendant Gratokoski's name change to R. J. Maciejewski on the docket.

IT IS SO ORDERED.

Dated: **September 22, 2021**             **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE