UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>           Plaintiff,<br><br>      vs.<br><br>SULLIVAN, et al.,<br><br>           Defendants. | **1:19-cv-00688-NONE-GSA-PC**<br><br>**ORDER RE PLAINTIFF'S PROPOSED THIRD AMENDED COMPLAINT**<br>**(ECF No. 50.)** |

Adrian Solorio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 30, 2019. (ECF No. 1.) This case now proceeds with Plaintiff's Second Amended Complaint filed on October 8, 2020, against defendants Ottsman and Chavez on Plaintiff's medical claims under the Eighth Amendment; and against defendants Ottsman, Chavez, Clayton, R. J. Maciejewski,[1] and Cardenas for use of excessive force under the Eighth Amendment.

On November 5, 2021, Plaintiff lodged a proposed Third Amended Complaint. (ECF No. 50.) To the extent that Plaintiff seeks to amend the complaint, he may not amend by merely submitting a proposed amended complaint.

---

[1] Sued as Gratokoski.

**Leave to Amend – Rule 15(a)**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

At this stage of the proceedings, Plaintiff may only amend the complaint with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). Plaintiff must first file a "motion for leave to amend," giving Defendants an opportunity to respond. In the motion, Plaintiff must inform the court what changes he wishes to make to the complaint and whether he expects to add new allegations, new defendants, and/or new claims to the complaint. Also, Plaintiff must attach a copy of the proposed amended complaint to his "motion for leave to amend."[2]

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's proposed Third Amended Complaint, lodged by Plaintiff on November 5, 2021, shall not be filed by the court.

IT IS SO ORDERED.

   Dated:   **November 6, 2021**               **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Under Local Rule 137(c), "[i]f filing a document requires leave of court, such as an amended complaint . . , counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave."