UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>          Plaintiff,<br><br>     vs.<br><br>SULLIVAN, et al.,<br><br>          Defendants. | 1:19-cv-00688-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AS FUTILE**<br>**(ECF No. 56.)**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A COPY OF THE COURT'S ORDER ISSUED ON SEPTEMBER 23, 2021**<br>**(ECF No. 44.)** |

**I.    BACKGROUND**

Adrian Solorio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 30, 2019.  (ECF No. 1.)  This case now proceeds with Plaintiff's Second Amended Complaint, filed on October 8, 2020, against defendants Ottsman and Chavez on Plaintiff's medical claims under the Eighth Amendment; and against defendants Ottsman, Chavez, Clayton, R. J. Maciejewski,[1] and Cardenas for use of excessive force under the Eighth Amendment.

On December 1, 2021, Plaintiff filed a motion for leave to amend the complaint and lodged a proposed Third Amended Complaint.  (ECF Nos. 56, 57.)

---

[1] Sued as Gratokoski.

**II.   LEAVE TO AMEND – RULE 15(a)**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

At this stage of the proceedings, Plaintiff may only amend the complaint with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2).

In the motion to amend, Plaintiff states that he seeks to amend the complaint for *only one reason*, to correct Defendant Sergeant Gratokoski's name from "Gratokoski" to "R.J. Maciejewski." (ECF No. 56.) Plaintiff asserts that since the filing of the complaint, he "has determined that the name of the Gratokoski defendant is R.J. Maciejewski." (Id.) He requests leave to replace Defendant Sergeant Gratokoski's name.

It would be futile for Plaintiff to amend the complaint solely to reflect a change in Defendant Gratokoski's name at this stage of the proceedings as the name was changed to R.J. Maciejewski by the court's order issued on September 23, 2021, which corrected Defendant Gratokoski's name to R.J. Maciejewski. (ECF No. 44.) The court shall send Plaintiff a copy of the order for his review. Therefore, Plaintiff's motion to amend filed on December 1, 2021, shall be denied as futile.

**III.   CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to amend the complaint, filed on December 1, 2021, is denied as futile;
2. The court shall not file Plaintiff's proposed Third Amended Complaint lodged on December 1, 2021; and

3. The Clerk is directed to send Plaintiff a copy of the court's order issued on September 23, 2021 (ECF No. 44).

IT IS SO ORDERED.

Dated: **December 2, 2021**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE