UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO, <br><br> Plaintiff, <br><br> vs. <br><br> SULLIVAN, et al., <br><br> Defendants. | **1:19-cv-00688-JLT-GSA-PC** <br><br> **ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL** <br><br> **THIRTY-DAY DEADLINE** |

**I.    BACKGROUND**

Adrian Solorio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint, filed on October 8, 2020, against defendants Ottsman and Chavez on Plaintiff's medical claims under the Eighth Amendment; and against defendants Ottsman, Chavez, Clayton, Maciejewski, and Cardenas for use of excessive force under the Eighth Amendment. (ECF No. 21.)

On November 29, 2021, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of April 28, 2022 and a dispositive motions filing deadline of June 28, 2022. (ECF No. 54.) On June 28, 2022, the Court extended the deadline for filing dispositive motions for all parties to July 28, 2022. (ECF No. 66.) All of the deadlines have now expired, and no dispositive motions have been filed. No other motions are pending.

At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

## II. SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[1]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall each file a written response to this order, notifying the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[2]

IT IS SO ORDERED.

Dated:   **August 2, 2022**                               **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[2] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.