UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>             Plaintiff,<br><br>       vs.<br><br>SULLIVAN, et al.,<br><br>             Defendants. | 1:19-cv-00688-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT**<br><br>**(ECF Nos. 80, 85, 88.)** |

**I.    BACKGROUND**

Adrian Solorio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's Second Amended Complaint, filed on October 8, 2020, against defendants Ottsman and Chavez on Plaintiff's medical claims under the Eighth Amendment; and against defendants Ottsman, Chavez, Clayton, Maciejewski and Cardenas for use of excessive force under the Eighth Amendment. (ECF No. 21.)  This case is currently scheduled for a Pretrial Conference on July 24, 2023 at 1:30 p.m., and Jury Trial to begin on September 19, 2023 at 8:30 a.m., before the Honorable Jennifer L. Thurston. (ECF No. 84) .

On December 22, 2022 and January 17, 2023, Plaintiff filed two identical requests for entry of default against all of the Defendants.  (ECF Nos. 80, 85.)  On January 5, 2023 and January 27, 2023, Defendants filed oppositions to the requests.  (ECF Nos. 82, 87.)

On February 3, 2023, Plaintiff filed a motion for default judgment against all of the Defendants.  (ECF No. 88.)  On February 6, 2023, Defendants filed a response to the motion. (ECF No. 89.)

Plaintiff's requests for entry of default and motion for default judgment are now before the Court.  Local Rule 230(*l*).

## II.    FAILURE TO PROSECUTE AND TO COMPLY WITH COURT ORDERS

Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Rogers v. Lester, No. 222CV00914TLNACPS, 2023 WL 184910, at *2 (E.D. Cal. Jan. 13, 2023).  Local Rule 183(a) cautions that failure to comply with court orders, the federal rules of civil procedure, and local rules "may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." Id.

## III.   PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT (ECF Nos. 80 & 85)

Plaintiff requests an order entering default against all of the Defendants for their failure to comply with court orders.  Plaintiff reports that Defendants have not filed their pretrial statement, and they did not timely submit the Court's consent/decline form pursuant to the Court's Second Scheduling order issued on September 19, 2022.  Plaintiff asserts that the parties' due date for returning the consent/decline form was October 15, 2022, and that counsel for Defendants did not file the form until December 14, 2022.  Plaintiff also argues that Defendants' failed to timely file their pretrial statement.

Plaintiff also advises the Court that counsel for Defendants never contacted Plaintiff's institution to arrange for Plaintiff's participation in the pre-trial conference on December 16, 2022 at 1:30 p.m.

**Defendant's Opposition**

Defendants argue that Plaintiff's requests for entry of default should be denied because Defendants' pretrial statement is not due yet and they timely submitted their consent/decline form.  Defendants assert that on November 17, 2022, the Court ordered Defendants to submit

their consent/decline form within 30 days, and they filed the form on December 15, 2022, within the 30-day deadline.  As stated above,  Defendants also argue that their pretrial statement is not yet due.

**Discussion**

Pursuant to the Court's Second Scheduling Order issued on September 19, 2022, the parties were required to complete and file the Court's consent/decline form notifying the Court whether they consent to or decline magistrate judge jurisdiction, within thirty days; Plaintiff was required to serve and file a pretrial statement on or before December 16, 2022; Defendants were required to serve and file a pretrial statement on or before January 20, 2023.  (ECF No. 70.)

Plaintiff's arguments that Defendants failed to timely file their consent-decline form and their pretrial statement is unpersuasive.  Plaintiff is correct that Defendants did not file their consent/decline form within the 30-day deadline established by the Second Scheduling Order.  However, on November 17, 2022, the Court sent Defendants another consent/decline form and ordered them to file it within thirty more days.  (ECF No. 73.)  Defendants filed their consent/decline form on December 15, 2022, within the new 30-day deadline.  (ECF No. 76.)  Based on these facts, the Court finds that Defendants timely filed their consent/decline form on December 15, 2022.

On January 11, 2023, before Defendants' pretrial statement was due, the Court granted Defendants' motion to continue the trial dates.  (ECF No. 84.)  The Pretrial Conference was continued to July 24, 2023 at 1:30 p.m., and Jury Trial was continued to September 19, 2023 at 8:30 a.m.  (Id.)  In addition, Defendants' deadline to file a pretrial statement was continued to July 10, 2023.  (Id.)  Therefore, Defendants' pretrial statement is not yet due.

To the extent that Plaintiff's requests for entry of default are based on Defendants' failure to contact Plaintiff's institution to arrange for Plaintiff's participation in the Pretrial Conference on December 16, 2022 at 1:30 p.m., Plaintiff's request is moot.  The Second Scheduling Order required counsel for Defendants to contact Plaintiff's institution to arrange for Plaintiff's participation in the Pretrial Conference. (ECF No. 70 at 5:24-25.)  However, the Court's order was referring to the Pretrial Conference scheduled for February 24, 2023, which did not take

place.  Before February 24, 2023, the Pretrial Conference was continued to July 24, 2023, and therefore Defendants were no longer required to arrange for Plaintiff's participation on February 24, 2023.  Thus, Plaintiff's request for entry of default based on Defendants' claimed failure to contact Plaintiff's institution to arrange for Plaintiff's participation in the February 24, 2023 Pretrial Conference is denied as moot.

### IV.     PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff requests the Court to enter default judgment against Defendants due to their failure to comply with Court orders.  (ECF No. 88.)  However, a default judgment cannot be entered unless there is first an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[1]  No such default has been entered in this case. Accordingly, Plaintiff's motion for default judgment (ECF No. 88) is denied.

### V.     CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's requests for entry of default, filed on December 22, 2022 and January 17, 2023, are DENIED; and

2. Plaintiff's motion for default judgment, filed on February 3, 2023, is DENIED.

IT IS SO ORDERED.

Dated:   **March 20, 2023**                              **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] There is a distinction between a "default," which ordinarily is entered by the Clerk of the Court pursuant to Rule 55(a), although it may be ordered by the Court, Breur Elec. Mfg. v. Toronado Systems, 687 F.2d 182, 185 (7th Cir.1982), and a "default judgment," which is entered by the Court pursuant to Rule 55(b).  Ortega v. Barbasa, No. C 11-1003 SBA (PR), 2013 WL 5272947, at *1 n.3 (N.D. Cal. Sept. 17, 2013)