UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>                Plaintiff,<br><br>    v.<br><br>W. SULLIVAN, et al.,<br><br>                Defendants. | 1:19-cv-00688-JLT-GSA-PC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**(ECF No. 107.)**<br><br>**ORDER ADDRESSING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENAS TO BRING ADDITIONAL UNINCARCERATED WITNESSES TO TESTIFY AT TRIAL**<br><br>**(ECF No. 113.)** |

      Adrian Solorio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case is scheduled for jury trial on September 19, 2023 at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States District Court in Fresno, California (EFC No. 106).

      On July 28, 2023, the Court issued an order for Plaintiff to show cause why the service of a subpoena on Plaintiff's trial witness Dr. A. Wagner should not be cancelled based on Plaintiff's failure to provide sufficient address information to locate Dr. A. Wagner. (ECF No. 107.)  On August 14, 2023, Plaintiff filed a response to the order to show cause, notifying the Court that he is unable to provide a current address for Dr. A. Wagner (ECF No. 113).  Instead,

1

he wishes to substitute other medical personnel as expert witnesses to testify at trial, namely Dr. Patel, Dr. Underwood, and LVN Tanya Solorio.

Before the Court will issue subpoenas compelling these witnesses to appear at trial to testify, Plaintiff must first file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  In the motion Plaintiff must notify the court in writing of the name and location (address) of each unincarcerated witness. The court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses, plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

**Time is short.**  Trial in this case, scheduled for September 19, 2023, is only five weeks away.  Therefore, time is limited for the Court to issue subpoenas and for the Marshal to serve witnesses in time for trial.  In order to ensure timely submission of the money orders, Plaintiff must file his motion, notifying the Court of the names and locations of his witnesses **as soon as possible**.   Once the Court has calculated the witness fees required for each witness and notified Plaintiff of the amount(s), Plaintiff must submit the money orders to the Court also **as soon as possible**.

Accordingly, the court **HEREBY ORDERS** as follows:

1. The Court's order to show cause issued on July 28, 2023, is discharged;
2. If Plaintiff wishes to obtain the attendance of additional unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must file a motion -- **as soon as possible** -- for a court order requiring that such witnesses be brought to court at the time of trial, notifying the Court of the names and locations (addresses) of his witnesses;
3. Plaintiff is advised that time is short and there may not be enough time to complete the process of issuing subpoenas and serving his witnesses by the Marshal in time

for trial; therefore, Plaintiff must file his motion **as soon as possible** and thereafter, submit the money orders for witness fees **as soon as possible**.

IT IS SO ORDERED.

Dated: __August 15, 2023__   /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE