UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>W. SULLIVAN, et al.,<br><br>　　　　　　Defendants. | **1:19-cv-00688-JLT-GSA-PC**<br><br>**<u>AMENDED</u>**<br>**ORDER ADDRESSING PLAINTIFF'S MOTION FOR SUBPOENAS TO COMPEL WITNESSES TO APPEAR AND TESTIFY AT TRIAL ON SEPTEMBER 19, 2023**<br><br>**(ECF No. 122.)**<br><br>**FINAL DEADLINE FOR PLAINTIFF TO SUBMIT MONEY ORDERS FOR WITNESS FEES FOR TRIAL WITNESSES:**<br><br>　　**<u>SEPTEMBER 8, 2023</u>**<br><br>**ORDER FOR CLERK TO RETURN THREE MONEY ORDERS TO PLAINTIFF** |

**I.　　BACKGROUND**

　　Adrian Solorio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case is scheduled for jury trial on September 19, 2023 at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States District Court in Fresno, California.

　　On August 28, 2023, Plaintiff filed a notice to the Court of the correct spelling of one of his prospective trial witness's last name -- Mesa --, and a motion for issuance of subpoenas to bring three additional witnesses to the Court to testify at trial. (ECF Nos. 121, 122.)

1

## II.     PLAINTIFF'S FILINGS

### A.     Notice

In response to the Court's order issued on August 21, 2023, Plaintiff notifies the Court that one of his prospective trial witness's last name is spelled **"Mesa,"** not **"Meza."** The Court requested this information because Plaintiff sent two money orders to the Court for payment of witness fees made payable to M. **"Meza,"** whereas Plaintiff had spelled the last name as **"Mesa"** in other communication with the Court. (See ECF No. 108.)

Plaintiff explains that his family member who procured the money orders incorrectly spelled the last name as **"Meza."** Plaintiff suggests that the Court correct the misspellings and proceed with issuance of the witness subpoena. However, the Court cannot make such a correction, and Plaintiff needs to replace the money orders with a new money order made out to the witness with the last name spelled correctly. **Plaintiff may not send back the same money orders with the name corrected.** Plaintiff must obtain a new money order with a new issuance date and number made payable to Ms. **Mesa** in the amount of $247.51 and send it to the Court. Accordingly, the Court shall return the two money orders to Plaintiff.

Specifically, Plaintiff previously sent to the Court two money orders with Ms. Mesa's last name misspelled as Ms. Meza: (1) Money Order #22006698896 for $50.00 made payable to Ms. Meza, and (2) Money Order #28436954354 for $200.00 made payable to Ms. Meza. The Court shall return the two money orders to Plaintiff and await Plaintiff's submission of a new money order, if any.

Plaintiff is advised that time is short. The trial in this matter is scheduled for September 19, 2023, at 8:30 a.m., less than one month away. At this late date, there is no assurance that enough time remains to issue and serve a subpoena on Ms. Mesa before trial. Plaintiff must respond as soon as possible and **no later than September 8, 2023**, providing the Court with the money order. If the Court does not receive the money order by September 8, 2023, it will be too late and the Court shall not issue a subpoena for Ms. Mesa. Even if Plaintiff provides the new money order by September 8, 2023, and the Court issues a subpoena as soon as possible, it may already be too late to serve the subpoena on Ms. Mesa before trial. Plaintiff is advised that if the

witness is served with the subpoena and money order too late, the Court will not be able to recover the money order and return it to Plaintiff.

**B.     Motion**

Plaintiff requests the Court to issue subpoenas to bring three additional witnesses to Court to testify at trial: (1) LVN Tanya Solorio, (2) Dr. C. Patel, and (3) Dr Underwood.  Plaintiff has provided the Court with their addresses, and the Court shall calculate the travel expenses for the witnesses.

The sum required for the attendance of an unincarcerated witness includes a daily witness fee of $40.00, plus the witness's travel expenses. 28 U.S.C. § 1821(b). Assuming the witness is traveling by personal car, the standard mileage rate beginning on January 1, 2023 was 65.5 cents for every mile driven.  2023 Standard Mileage Rates, 2023-3 I.R.B. 388 (2023).  Using the addresses provided by Plaintiff, and figuring round-trip travel by personal car to the Fresno courthouse, the travel expenses amount to the following:

| | | | |
|---|---|---|---|
| **LVN Tanya Solorio** | 239.95 miles round trip | 65.5 cents/mile | $479.90 |
| | Daily witness fee | 40.00 | 40.00 |
| | **TOTAL** | | **$519.90** |
| **Dr. C. Patel** | 143.24 miles round trip | 65.5.cents/mile | $143.24 |
| | Daily witness fee | 40.00 | 40.00 |
| | **TOTAL** | | **$183.24** |
| **Dr. Underwood** | 143.24 miles round trip | 65.5.cents/mile | $143.24 |
| | Daily witness fee | 40.00 | 40.00 |
| | **TOTAL** | | **$183.24** |

If Plaintiff seeks to obtain the attendance of these witnesses, Plaintiff must submit money orders made payable to each witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00, **on or before September 8, 2023**.  The subpoenas will not be served upon the unincarcerated witnesses by the U.S. Marshal unless the money orders are tendered to the court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

As Plaintiff was advised above, time is short.  Plaintiff is reminded that the trial date for this case is September 19, 2023, at 8:30 a.m., less than one month away.  At this late date, there is no assurance that enough time remains to issue and serve subpoenas on Tanya Solorio, Dr. C. Patel, or Dr. Underwood before trial.  Plaintiff must respond as soon as possible and **no later than September 8, 2023**, providing the Court with the money orders.  If the Court does not receive the money orders by September 8, 2023, it will be too late and the Court shall not issue subpoenas.  Even if Plaintiff provides the money orders by September 8, 2023 and the Court issues subpoenas as soon as possible, **it may already be too late to serve the subpoenas** on Tanya Solorio, Dr. C. Patel, and Dr. Underwood before trial.

**Advisements**

1-Plaintiff is advised that if the witnesses are served too late, or not listed in the Court's Pretrial Order, **the witnesses may not be able to testify and Plaintiff may not be able to recover the money orders.  (see, Courts Pretrial Order, Doc #106).**

**2-** Federal Rule of **Civil Procedure 26** provides that a party must disclose to other parties expert witnesses it may use at trial. Absent stipulation or a court order, expert witness disclosures must be made at least 90 days before the date set for trial or in the case of rebuttal expert witnesses, within 30 days after the other party's disclosure (see, Fed. R. Civ P. 26(a)(2)(D)(i),(ii). **Thus, the witnesses Plaintiff seeks to testify by this order may be prevented from tendering "expert" opinions.**

### III. PLAINTIFF'S MONEY ORDER FOR DR. A. WAGNER

On December 15, 2022, Plaintiff requested an order directing the U.S. Marshal to serve a subpoena on prospective witness Dr. A. Wagner at California State Prison-Los Angeles County (LAC) in Lancaster, California, compelling the witness to appear at trial to testify on Plaintiff's behalf. (ECF No. 77.) On March 31, 2023, Plaintiff submitted money order # 28580716888 for the required witness fees made payable Dr. A. Wagner, (Court Record), and on July 7, 2023, the Court issued an order directing the Marshal to serve the subpoena, (ECF No. 99).

On July 24, 2023, the subpoena was returned unexecuted to the Court with notice from LAC that after conducting an extensive search they were unable to identify Dr. A. Wagner either in present or past employment at that institution. (ECF No. 105.) Plaintiff's money order # 28580716888 was returned to the court where it is being held in safekeeping.

On July 28, 2023, the Court issued an order for Plaintiff to show cause why service of the subpoena on Plaintiff's trial witness Dr. A. Wagner should not be cancelled for Plaintiff's failure to provide sufficient information. (ECF No. 107.) Plaintiff was advised that if he is unable to provide the Court with a current address for Dr. A. Wagner, the Court shall cancel service of the subpoena. (Id.)

On August 14, 2023, Plaintiff filed a response to the order to show cause, notifying the Court that he is unable to provide a current address for Dr. A. Wagner. (ECF No. 113). Instead, he wishes to substitute other medical personnel as expert witnesses to testify at trial, namely Dr. Patel, Dr. Underwood, and LVN Tanya Solorio.

Given that Plaintiff is unable to provide the Court with a current address for Dr. A. Wagner, the Court issued an order on August 16, 2023, discharging the July 28, 2023 order to show cause. (ECF No. 114.) Accordingly, the Court shall cancel service of the subpoena on Dr. A. Wagner and return Plaintiff's money order # 28580716888 for $300.00 made payable Dr. A. Wagner to Plaintiff.

///

///

IV.     CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Court now cancels service of the subpoena on Plaintiff's prospective witness Dr. A. Wagner and returns Plaintiff's money order for Dr. A. Wagner to Plaintiff;

2. The Court shall return Plaintiff's two money orders made payable to witness Ms. Meza because the witness's last name is misspelled on the money orders;

3. The Clerk of Court shall return **three money orders total** to Plaintiff:
   (1) Money Order # 22006698896 for $50.00 made payable to Ms. Meza;
   (2) Money Order # 28436954354 for $200.00 made payable to Ms. Meza;
   (3) Money order # 28580716888 for $300.00 made payable Dr. A. Wagner;

4. These three money orders are the **only** money orders received by the Court from Plaintiff to date for payment of Plaintiff's witness fees, and **all** are being returned to Plaintiff;

5. If Plaintiff seeks to have the Court serve a new witness subpoena on Ms. Mesa, Plaintiff must respond as soon as possible and **no later than September 8, 2023**, providing the Court with a new money order made payable to Ms. Mesa in the amount of $247.51;

6. If Plaintiff wishes the Court to serve witness subpoenas on Tanya Solorio, Dr. C. Patel, and Dr. Underwood, he must respond as soon as possible and **no later than September 8, 2023**, providing the Court with the money orders made payable to each of the witnesses in the amounts discussed above in this order;

7. Plaintiff is forewarned that **it may already be too late to serve the subpoenas** in time for the September 19, 2023 trial, but if the Court receives Plaintiff's money orders on or before September 8, 2023, the Court shall issue subpoenas and direct the U.S. Marshal to serve them;

8. **Plaintiff is forewarned that if the witnesses are served too late with the subpoenas and money orders, or are not listed in the Courts Pretrial Order**

          **(Doc # 106) their attendance and testimony at trial may not occur and Plaintiff may be unable to recover the money orders; and**

9.     **Plaintiff's requested witnesses may be prevented from tendering "expert testimony" at trial pursuant to Rule 26 of the Fed. Rules of Civil Procedure.**

IT IS SO ORDERED.

Dated:   **August 30, 2023**           /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE