UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>            Plaintiff,<br><br>    v.<br><br>SULLIVAN, ET AL.<br><br>            Defendants. | Case No. 1:19-cv-00688-JLT-GSA (PC)<br><br>ORDER RE MOTIONS IN LIMINE; ADDRESSING OBJECTIONS TO PRETRIAL ORDER<br><br>(Docs. 110, 119) |

## I.    BACKGROUND

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action brought pursuant to 42 U.S.C. § 1983 against Defendants Ottsman and Chavez for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against Defendants Ottsman, Chavez, Clayton, Maciejewski, and Cardenas for use of excessive force in violation of the Eighth Amendment. The case proceeds on the second amended complaint, (Doc. 21, ("SAC")), as limited by subsequent orders of the Court (*see* Doc. 22).

Plaintiff alleges that on August 10, 2018, he was walking through the prison yard to the law library when Defendants handcuffed him, strip searched him, and threw him to the ground. (SAC at 4–5.) He further alleges Defendants Ottsman and Chavez punched and kicked him; Defendants Clayton, Maciejewski, and Cardenas arrived and ordered Defendants Chavez and

1

1  Ottsman to physically brutalize Plaintiff for complaining; and Defendants Chavez and Ottsman
2  struck and kicked Plaintiff all over his body while he was in handcuffs, then refused to summon
3  medical assistance. (*Id*. at 5.)
4      Plaintiff put in a medical request after the attack. (*Id*.) He alleges that he was bleeding
5  severely through his nose, had severe pain to his legs, and suffered a concussion and injuries to
6  his forehead. Plaintiff maintains that he suffers severe chronic pain and emotional distress. (*Id*. at
7  5–6.)
8      Before the Court for decision are seven motions *in limine* filed by Defendants. (Doc. 110.)
9  On August 17, 2023, Plaintiff submitted a filing that largely repeats information provided in
10 earlier pretrial statements, while adding some new information. (Doc. 119.) The Court interprets
11 this filing as objections to the tentative pretrial order. (Doc. 106.) On August 30, 2023, Plaintiff
12 filed an opposition to the defense motions in limine, (Doc. 130), along with yet another exhibit
13 list. (Doc. 131.) The Court finds all these issues suitable for decision on the papers and addresses
14 the matters in this order.

15     **II.    MOTIONS IN LIMINE**
16 **A.    Legal Standard**
17     "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the
18 practice has developed pursuant to the district court's inherent authority to manage the course of
19 trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained that
20 motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having
21 to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985,
22 1004–05 (9th Cir. 2003) (citations omitted).
23     Courts disfavor motions in limine seeking to exclude broad categories of evidence. *See*
24 *Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is
25 almost always better situated during the actual trial to assess the value and utility of evidence."
26 *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained,
27 "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]."
28 *Sperberg,* 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the

trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008), because that is the province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). The Court will bar use of the evidence in question only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Jonasson*, 115 F. 3d at 440.

Moreover, the rulings on the motions in limine made below do not preclude either party from raising the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible. In this event, the proponent of the evidence **SHALL** raise the issue outside the presence of the jury.

**B.     Defendants' Motions in Limine**

   1. <u>Defendants' Motion in Limine #1 (Lay Medical Testimony)</u>

Defendants first motion in limine seeks to preclude Plaintiff from "offering any medical opinions, inferences, or diagnosis regarding Post-Traumatic Stress Disorder or Otherwise." (Doc. 110 at 2.) According to Defendant:

> Plaintiff claims he suffered permanent injury to his left leg as a result of this incident, problems with his respiratory system, and mental and emotional distress. (ECF No. 78 at 2.) He also contends that he has been diagnosed with Post Traumatic Stress Disorder (PTSD) as a result of the injuries he claims to have suffered when Defendants attacked him for no reason on August 10, 2018. Defendants do not recall ever interacting with Plaintiff, however, and they are not aware of any custodial, medical, or mental health record that references such an attack. Defendants also have not been able to identify any mental health record evidencing a diagnosis of PTSD, and Plaintiff has failed to disclose any competent mental health expert or treating physician who may provide such an opinion.

(*Id*.)[1]

---

[1] Plaintiff originally sought to call as a witness for trial a Dr. A. Wagner who Plaintiff indicated was a physician at Los Angeles County State Prison ("LAC") in Lancaster, California. (*See* Docs. 105, 107, 113.) On July 20, 2023, the U.S. Marshal delivered a copy of a subpoena to LAC, which was by someone at LAC "on behalf of Dr. Wagner." (Doc. 103.) However, the next day, July 21, 2023, the Litigation Coordinator at LAC returned the subpoena as undeliverable because the facility was unable to identify any person by that name either in present or past employment at LAC. (Doc. 105.) In response to an order to show cause issued by the assigned magistrate judge, Plaintiff indicated his belief that the subpoena had

Pursuant to Fed. R. Evid. 701, lay witness opinion testimony cannot be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "Rule 701 has been used to bar lay witnesses from testifying as to their opinion on causation where such a determination would require the experience of an expert." *Lillie v. ManTech Int'l Corp.*, Case No. 2:17-cv-02538-CAS-SSx, 2018 WL 6323076, at *5 (C.D. Cal. Dec. 3, 2018). As a non-expert witness, Plaintiff is not qualified to offer any expert opinions in this case concerning the cause of any alleged physical injuries, the content of any medical records, or the nature of any medical condition. Plaintiff's opposition does not suggest otherwise.

However, to the extent Plaintiff intends to testify about the cause of an injury in a manner that does not depend on expert opinion, he may do so. *See Hovsepian v. State Farm Mut. Auto. Ins. Co.*, No. CV-09-08929 MMM (PLAx), 2011 WL 13213900, at *10 (C.D. Cal. Jan. 12, 2011) ("Courts frequently hold that lay witnesses cannot testify regarding causation where determining the cause of a particular incident or occurrence is beyond common experience.")).) No lay witness is allowed to usurp the role of the jury by testifying as to an ultimate issue, including as to causation. However, under Rule 701, Plaintiff may testify about what he did, felt, and experienced. "Just because a lay witness cannot testify about his opinion as to the causation of the emotional distress does not mean that a plaintiff cannot testify about the surrounding facts which prove a causal link between the alleged wrong and the alleged damage, even without an expert." *Boren v. Harrah's Ent. Inc.*, No. 2:08-CV-00215-GMN, 2010 WL 4340641, at *2 (D. Nev. Oct. 26, 2010); *Jan. v. Dr Pepper Snapple Grp., Inc.*, 594 F. App'x 907, 910–11 (9th Cir. 2014) (An expert witness is "not required to establish that [plaintiff] experienced mental distress and depression for purposes of noneconomic damages. [Plaintiff] was entitled to prove the latter type of damages by testifying about his own perceptions."). Thus, for example, if he perceived pain or a sensation, this testimony is permitted. However, he cannot testify as to injuries or causal

---

been successfully served on Dr. Wagner, but, in the alternative, indicated he wished to substitute two other medical witnesses, Dr. Patel, Dr. Underwood, and LVN Tanya. (Doc. 114.) Thereafter, the assigned magistrate judge directed Plaintiff to notify the Court in writing of the name and location of each witness, so that the Court could calculate travel expenses for those witnesses and notify Plaintiff of those amount(s). (Doc. 114.) On August 30, 2023, the Court entered an order calculating the relevant fees, (Doc. 123), and on September 11, 2023, the Court ordered service on: LVN Tanya Solorio, Dr. C. Patel, Dr. Underwood, and Sergeant M. Mesa. (Doc. 132.)

1 connections that can only be explained by an expert. The defense states that, "Plaintiff may testify
2 regarding what he contends he experienced as a result of the alleged incident, what he felt, and
3 regarding commonly understood injuries and consequences. But he must be precluded from
4 offering any opinions, diagnosis, or prognosis regarding such injuries at trial pursuant to Federal
5 Rules of Evidence 701." (Doc. 110 at 3) The Court agrees. The motion is **GRANTED**.

2. <u>Defendants' Motion in Limine #2 (Hearsay/Declarations)</u>

Plaintiff has indicated that he wishes to introduce several declarations as evidence in support of his case. (*See* Doc. 119 at 4 (proposing to "call" certain witnesses by way of "declaration").) According to Defendants, Plaintiff has previously informed investigators that there were no witnesses to the incident, and he was unable to identify any witnesses at his deposition. (Doc. 110 at 3.) Defendants also indicate that Plaintiff has not disclosed these declarations to Defendants. (*Id*.)

Regardless, out-of-court statements are inadmissible hearsay when they are offered to prove the truth of the matter asserted. Fed. R. Evid. 801, 802. Defendants correctly indicate that the proposed declarations are likely inadmissible hearsay. Defendants therefore ask that Plaintiff be precluded from introducing these declarations or otherwise referencing any content within the declarations or the declarants themselves.

Plaintiff's opposition again reiterates his intention to "introduce several declarations as evidence in support of his case." (Doc. 130 at 3.)[2] Yet, Plaintiff still does not attempt to explain how any such declarations are admissible under the Federal Rules of Evidence. Defendant's motion is **GRANTED**.

3. <u>Defendants' Motion in Limine #3 (Evidence Re Loss of Real Property)</u>

Plaintiff contends that he has been investing in real estate property and that he lost $1,000.000.00 in his investments because of the incident at issue in this case. (Doc. 78 at 2.) As Defendants point out, (Doc. 110 at 4), Plaintiff did not mention these damages in his complaint, nor did he mention that he lost $1,000,000.00 in investments at his deposition.

---

[2] At the same time, a separate filing entitled "Plaintiff Index of Join[t] Exhibits" appears to acknowledge that these declarations are inadmissible. (*See* Doc. 131 at 4 (indicating that various declarations will not be admitted into evidence).)

5

1         Defendants seek to preclude Plaintiff from mentioning these alleged losses at trial. First,
2 they point out, correctly, that proving such a loss would require factual support, possibly
3 including expert testimony. *See, e.g.*, Miller and Starr, Appraisal Methods of Determining Fair
4 Market Value, 7 Cal. Real Est. § 24:26 (4th ed.) (indicating that to evaluate or appraise property
5 value, parties must rely on one of three scientifically accepted approaches: the market data
6 approach, the capitalized income approach, or the cost approach.); *United States v. 99.66 Acres of*
7 *Land*, 970 F.2d 651, 657 (9th Cir. 1992) (holding that district court properly excluded testimony
8 from accountant regarding alternative uses of property for investment purposes because the
9 accounted lacked appraisal expertise and failed to conduct a discounted case flow analysis of the
10 property).

11         Plaintiff has thus far not identified any records that tend to demonstrate his claimed
12 investment loss. He simply points out in his opposition that his trial brief disclosed the investment
13 loss. (Doc. 130 at 3.) Plaintiff does not indicate that he is a licensed real estate agent, broker,
14 investor, or developer. He has not disclosed any witnesses who are qualified to testify regarding
15 property valuations, portfolios, the state of the market, Plaintiff's investments, or how much one
16 can expect investing in the market, nor has he disclosed any witness qualified to establish that
17 Defendants either caused Plaintiff's failures in real estate or prevented him from obtaining
18 $1,000,000.00 by way of his investments. Plaintiff will not be permitted to offer his own
19 unsubstantiated opinions regarding his real estate ventures. Though evidence of damages causally
20 connected to Defendants' conduct might be relevant in this case, it does not appear that Plaintiff
21 can substantiate a connection between his real estate losses and Defendants' conduct. *See* Fed. R.
22 Evid. 401, 402, 403, 602, 701, 702, 703. The motion to preclude such evidence is **GRANTED.**

23         4.   Defendants' Motion in Limine #4 (Discussion of Dismissed Claims)

24         In addition to the claims proceeding in this lawsuit—Eighth Amendment excessive force
25 and deliberate indifference claims against Defendants T. Clayton, R. Maciejewski, I. Ottsman, V.
26 Chavez, and J. Cardenas—Plaintiff originally alleged that Dr. Caldron and Nurse S. Jeffrey were
27 deliberately indifferent to his medical needs, and that all defendants were liable for harassment
28 and for an unlawful "cover up." (*See generally* Doc. 21.) The Court has since dismissed Dr.

1  Caldron and Nurse Jeffrey from this action, and Plaintiff's discrimination and "cover up" claims
2  were dismissed with prejudice. (*See* Docs. 22, 28.) Defendants therefore ask that Plaintiff be
3  precluded from offering any testimony, evidence, or argument that either Dr. Caldron or Nurse
4  Jeffrey violated his Eighth Amendment rights, or that Defendants discriminated against him or
5  are liable for a "cover up." (Doc. 110 at 5–6.)

6  Evidence is only admissible at trial if it makes a fact that is of consequence more or less
7  probable. Fed. R. Evid. 401, 402. Under Rule 403, relevant evidence may be excluded if it will
8  cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence
9  in the discretion of the Court. *See Obrey v. Johnson*, 400 F.3d 691, 698 (9th Cir. 2005).

10  Plaintiff's opposition does not explain how evidence related to these other claims is
11  relevant. In the absence of any such argument, the Court agrees with Defendants that any
12  argument or evidence regarding the dismissed defendants and claims would be irrelevant and will
13  only cause undue prejudice and needless delay. Preclusion of such evidence therefore warranted
14  under Federal Rules of Evidence 401, 402, 602, & 701. This motion is **GRANTED**.

15  5.  Defendants' Motion in Limine #5 (Indemnification by State)

16  Defendants next move to exclude evidence that the State of California may pay any
17  judgment in this case or reimburse Defendants in the event a judgment is rendered against them
18  (Doc. 110 at 6.) Defendants analogize indemnification to situations where a party was insured at
19  the time the harm was suffered. Given that the existence of such insurance is inadmissible to
20  prove liability, *see* Fed. R. Evid. 411, Defendants suggest evidence of indemnification should
21  likewise be inadmissible here. (Doc. 110 at 6.) Other courts in this District have granted similar
22  motions. *See Calloway v. Hayward*, No. 1:08-CV-01896-LJO-GSA (PC), 2017 WL 363000, at *4
23  (E.D. Cal. Jan. 24, 2017) (citing Fed. R. Evid 411 when granting motion in limine to exclude
24  evidence that the state may pay the judgment in a prisoner civil rights case because " such
25  evidence is inadmissible, irrelevant, and prejudicial to Defendants"); *Saenz v. Reeves*, No. 1:09-
26  CV-00057-BAM PC, 2013 WL 2481733, at *4 (E.D. Cal. June 10, 2013) ("Information regarding
27  whether the State or CDCR would pay any verdict or reimburse Defendant for any compensatory
28  damage award is not relevant to Plaintiff's First Amendment retaliation claim or his Eighth

7

1  Amendment conditions of confinement claim. Fed. R. Evid. 401. Even if such information were
2  relevant, it should be excluded because its probative value is substantially outweighed by both a
3  danger of unfair prejudice and a danger of confusing the issues. Fed. R. Evid. 403."). Plaintiff's
4  opposition conclusorily asserts that this category of evidence is admissible (Doc. 130 at 4–5) but
5  fails to meaningfully counter the authorities cited in Defendants' motion. This motion in limine is
6  supported by relevant authorities and is **GRANTED**.

      6.   Defendants' Motion in Limine #6 (Offers to Compromise)

8       Defendants next move to preclude Plaintiff from offering or eliciting testimony or
9  mentioning in the presence of the jury any offers to compromise, or statements made during
10 settlement negotiations. (Doc. 110 at 7.) Federal Rule of Evidence 408(a)(1) expressly prohibits
11 the admission of evidence of settlement negotiations to establish liability. *See* Fed. R. Evid.
12 408(a)(1) ("Evidence of the following is not admissible — on behalf of any party — either to
13 prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent
14 statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to
15 accept, or offering to accept — a valuable consideration in compromising or attempting to
16 compromise the claim."). Again, Plaintiff's opposition concludes without support that evidence of
17 settlement offers is admissible to establish liability (Doc. 130 at 4–5). It is not. Thus, this motion
18 in limine is **GRANTED**.

      7.   Defendants' Motion in Limine #7 (Evidence of Plaintiff's and any Inmate-
           Witness's Felony Conviction Admissible for Impeachment)

21      Defendants move to admit evidence of Plaintiff's criminal conviction, for which he is
22 presently incarcerated, for impeachment purposes to attack his character for truthfulness. (Doc.
23 110 at 7.) Should any other incarcerated witness testify, Defendants make the same request as to
24 those witnesses. (*Id*.)
25      The use of Plaintiff's prior criminal conviction(s) for impeachment purposes is governed
26 by Federal Rule of Evidence 609. Rule 609 provides that a testifying witness's character for
27 truthfulness may be attacked by evidence of a criminal conviction for a crime that is punishable
28 by imprisonment for more than one year and for any crime proving a dishonest act or false

statement. Fed. R. Evid. 609(a). The rule limits the use of convictions where it has been more than 10 years since the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b). "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (internal quotation and citation omitted). "Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the [witness's] credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (internal quotation and citation omitted). Thus, the Court presumes Defendants will only seek to introduce prior felony convictions consistent with Rule 609, if at all. If Plaintiff chooses to testify at trial, subject to Rule 403, only prior felony convictions less than ten years old are admissible for impeachment purposes, unless he is still incarcerated for that conviction. Therefore, to the extent Plaintiff seeks to exclude all of criminal history, the motion is **DENIED**, and this evidence may be admitted within the parameters set forth by Rule 609.[3]

**C.     Objections to Pretrial Order**

On August 11, 2023, Plaintiff filed a document on that is labeled "Plaintiff Pretrial Order Motion in Limine" that appears to amend or take issue with the Court's tentative pretrial order. (Doc. 119 (filed Aug. 17, 2023).) The Court construes this as objections to the tentative pretrial order issued July 25, 2023.[4] (*See* Doc. 106.)

    1. Additional Witnesses

Plaintiff appears to have amended his witness list to include the following persons in addition to those listed in the tentative pretrial order (Doc. 119 at 4):

    a.  Dr. C. Patel

    b.  Dr. Underwood

---

[3] Plaintiff's opposition does not meaningfully address the issue of admissibility. (See Doc. 130 at 5.)

[4] Defendants object to Plaintiff's filing wholesale, without acknowledging that the pretrial order afforded any party 14 days to file objections (Doc. 106 at 19)—time that is routinely used by pro se litigants to flesh out their witness and exhibit lists. The relevant deadline expired on August 7, 2023, making Plaintiff's filing (even considering the mailbox rule) four days late. Nonetheless, in an abundance of caution, the Court has considered the filing and will not preclude any newly identified evidence simply because the filing is four days late.

      c.  LVN T. Solorio

      d.  Sergeant Mesa

In addition, Plaintiff continues to suggest that certain of his witnesses may be presented by way of declaration. (*Id*. (indicating witness address as "Declaration" or "Declaration-K.V.S.P"). As explained above, declarations in lieu of live testimony are not admissible over the objection of a party's opponent. Thus, to the extent Mr. Solorio seeks to offer evidence from these newly named witnesses, that will not be permitted.

Defendants also object to Plaintiff calling any witness not identified in the Court's pretrial order. (Doc. 125 at 4–5.) Defendants argue that Plaintiff "is not entitled to violate this Court's Pretrial Order." (*Id*. at 4.) However, this ignores that the pretrial order allowed the parties 14 days to object to that order. (*See supra* n. 2.) More pertinent is the objection that "with trial quickly approaching, the addition of new witnesses is unfairly prejudicial. (*Id*. at 5.) As noted above, the Defendants report that Plaintiff informed investigators that there were no witnesses to the incident, and he was unable to identify any witnesses at his deposition. (Doc. 110 at 3.) Defendants also indicate that Plaintiff has not disclosed these declarations to Defendants. (*Id*.) On the other hand, the Defendants report that, "Plaintiff has not made any showing of how any of these proposed witnesses are relevant to this case, and Defendants are unable to prepare for whatever testimony they may provide, or the chaos their inclusion in this trial may create." (Doc. 135)

However, the Court does not know exactly what to make of this statement. One inference is that the defendants have no idea who these witnesses are and they state, explicitly, that they do not know how their testimony is relevant. However, the defendants fail to detail whether they made discovery requests that would have required the plaintiff to identify these proposed witnesses or to detail what they would say. Absent this information, the Court cannot determine whether the witnesses should be precluded. Thus, though the Court will GRANT the request to list these people on the witness list, the Court **RESERVES** ruling on the issue of whether these witnesses will be permitted to testify.[5]

---

[5] Indeed, due to Plaintiff's late request for these witnesses to be subpoenaed, the Court has little

### 2. Additional Exhibits

Similarly, Plaintiff has modified his exhibit list as follows. (Doc. 119 at 4) The Court has indicated new or modified exhibits with an asterisk.

a. Medical Records – Solorio's medical Olsen review from 218-2023.

b. *"Alter Medical Rec." – "LVN, Jefrey alter[ed] medical records on 2018."

c. *CDC(r)-7362: Rules and Procedures to file medical records

d. *CDC 602 Grievance No. CCI-018-02039: Solorio's grievance on August 10, 2018

e. *Facility "A" sign in sheet

f. *CCI-Facility "A" Photographs: Photographs of the yard (A) remodel but where the incident occurred.

g. *Medical Treatment: Records of the last medical treatment on leg at Cal. S.P.

For the same reasons articulated above, Plaintiff's request to amend his exhibit list is not untimely. However, Defendants raise several objections to these proposed exhibits. First, the Defense objects to the admission of any "altered" medical records. (*See* bullet b. above; Doc. 125 at 5.) The Court agrees with Defendants that there is no obvious reason why alterations in these records will be admissible, as they likely would not fall within any hearsay exception. *See*, e.g., Fed. R. Evid. 803(6) (records of a regularly conducted activity is admissible if the records are authenticated by a qualified witness). In addition, the Court already cautioned Plaintiff that exhibits "cannot contain any writing that is not contained on the official document" and only original documents or accurate copies of the originals may be admitted into evidence. (Doc. 106 at 12 n.3.) Therefore, based upon the current state of the record, Defendants' objection to the admission of any altered medical records is **GRANTED**. If Plaintiff believes in good faith that he can provide a legitimate basis for the admission of this altered evidence, he shall notify the Court outside the presence of the jury so that the Court can determine if reconsideration is appropriate.

Next, Defendants object to Plaintiff introducing medical records related to his "last medical treatment on [his] leg." (*See* bullet g. above; Doc. 125 at 5.) Defendants indicate that no such records have been produced to them. (Declaration of Oliver Wu, Doc. 125-1, ¶ 8.) It is

---

confidence that they will be served in time for them to appear at trial.

unclear who wrote the records, what they say, or how they relate to the case. In addition, according to Defendants (*id*. at 6), Plaintiff testified at his deposition that he continues to feel pain in his leg, and that he attributes this pain to the events he contends form the basis of his complaint. However, Plaintiff also testified that this pain was a pre-existing condition, (*id*.), and in fact alleged in his complaint that he had a mobility disability prior to the events at issue in this case. (Doc. 1 at 3–4.)

Defendants object to the introduction of recent medical records related to his leg injury because they contend Plaintiff will be unable to lay a proper foundation for the evidence. To establish foundation, however, Plaintiff requires expert testimony to show that the injury described in a recent medical record is sufficiently related to Defendants' conduct. As noted above, a lay witness is not permitted to testify regarding a medical diagnosis. Where expert medical testimony would be required to establish that medical evidence is relevant/connected to Defendants' conduct, preclusion is appropriate. *See LuMetta v. U.S. Robotics, Inc*., 824 F.2d 768, 771 (9th Cir. 1987); *see also Calloway v. Contra Costa County Jail Corr. Officers*, 2007 WL 134581, *19, (N.D. Cal. Jan. 16, 2007) (sustaining objection to plaintiff's statement that a fistula in his forearm was damaged by handcuffs, finding that statement to be improper lay opinion testimony). Though Plaintiff can testify about what he felt related to his leg during the incident at issue, he cannot testify what any doctor said about the leg condition or the cause of the condition. The Defense objection to this evidence is therefore **GRANTED**. If Plaintiff believes in good faith that he can provide a foundation for this evidence, he shall notify the Court outside the presence of the jury so that the Court can determine if reconsideration is appropriate. As to the remaining exhibits, identified as a and c-g, the request to add them to the pretrial order is **GRANTED**. However, to be clear, this ruling does not suggest that any of these exhibits—or any listed in the pretrial order—is admissible.

### III.    CONCLUSION AND ORDER

For the reasons set forth above:

(1)     Defendants' first motion in limine to preclude Plaintiff from offering expert medical opinion is **GRANTED** as set forth above.

(2) Defendants' second motion in limine to preclude the admission of hearsay declarations is **GRANTED**.

(3) Defendants' third motion in limine to preclude the admission of evidence regarding loss of real property is **GRANTED**.

(4) Defendants' fourth motion in limine to preclude the admission of evidence regarding dismissed claims is **GRANTED**.

(5) Defendants' fifth motion in limine to preclude evidence that Defendants may be indemnified by the State is **GRANTED**.

(6) Defendant's sixth motion in limine to preclude evidence pertaining to settlement negotiations or related discussions and statements is **GRANTED**.

(7) Defendant's seventh motion in limine regarding the admissibility of evidence regarding Plaintiff's and Inmate Witness's felony convictions is **GRANTED** as set forth above.

(8) Plaintiff's request to add witnesses and exhibits to those listed in the pretrial order is **GRANTED in PART and DENIED in PART**. The Court will list the newly identified people as witnesses, but it **RESERVES** ruling on whether these witnesses will be permitted to testify at trial. Also, the Defendants' objections to the admission of any "altered" medical records is **SUSTAINED** or any evidence related to recent treatment of Plaintiff's leg is **SUSTAINED** consistent with that set forth above.

This ruling is without prejudice to a formal motion to preclude a specific witness and does not guarantee that any exhibit is admissible.

IT IS SO ORDERED.

Dated:   **September 12, 2023**

UNITED STATES DISTRICT JUDGE