**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN SOLORIO,<br><br>            Plaintiff,<br><br>      v.<br><br>SULLIVAN, et al.,<br><br>            Defendants. | Case No.: 1:19-cv-00688 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)<br><br>(Doc. 157) |

The jury in this case determined that the defendants did not subject Mr. Solorio to excessive force and defendants Ottsman and Chavez were not deliberately indifferent to any serious medical need he suffered. (Doc. 153) Consequently, the Court entered judgment in favor of the defendants. (Doc. 154) Mr. Solorio now brings a motion to correct the judgment. However, because he fails to meet the requirements of Rule 59(e), the motion is **DENIED**.

I.     **Background**

Mr. Solorio claimed that while on the yard at California Correctional Institution at Tehachapi, on August 10, 2018, he was attacked and beaten by the defendants, who were correctional officers. He claimed also that two of the officers failed to summon medical care for him despite them being aware that he suffered a serious medical need. After trial, the jury found in favor of the defendants.

Before the Court is Mr. Solorio's motion seeking to have the Court amend the judgment to "correct manifest errors of law and fact." (Doc. 157) Mr. Solorio claims that counsel surprised him with

new evidence when they showed him a boot at trial and inquired whether it was the one used to stomp on him. *Id*. at 157 at 2. He complains also that he suffered prejudice because a witness he sought, Tonya Solorio, did not testify and because the Court did not allow the testimony of another witness, Sgt. Mesa. *Id*. at 2. He also complains that the defendants did not testify truthfully because their accounts would have been contradicted by the evidence presented by Tonya Solorio and inmate-witnesses, Lopez, Gonsalez, and Baez. *Id*. He also questions the value of the testimony of witnesses Barthelmes, Cozakos and Feliciano. *Id*. Finally, he seems to argue that the Court failed to strike statements of counsel, though the nature of this attack is unclear.

## II.    Analysis

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883).

### A.    Display of the boot

During his cross examination, Mr. Solorio testified that one or more of the officers stomped him while he lay handcuffed on the ground. Defense counsel asked him if "this" was the boot worn by the officer and had a boot lifted into the plaintiff's view.  The plaintiff denied that this was an example of a boot worn by any of the defendants on the day of the attack. Instead, Mr. Solorio testified that the boots worn did not have a "soft crown" like the one shown to him.

Mr. Solorio did not object to being shown the boot, the boot was not admitted into evidence and there was no other evidence presented about the footwear worn by the defendants. He could have raised this issue with the Court during trial, but he did not. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted). [A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the

2

entry of judgment."] Thus, the fact that he was shown a boot at trial, by definition, demonstrates that it is not newly discovered evidence for purposes of the Rule 59(e) motion.

In addition, the evidence of the footwear worn by the defendants could have been discovered before trial by Mr. Solorio. On the other hand, what the officers wore on their feet was within Mr. Solorio's personal knowledge, because he was present and saw the officers on the day of the events. Thus, the motion based upon newly discovered evidence is **DENIED**.

### B.     Testimony of Tanya Solorio and Sergeant Mesa

Mr. Solorio complains that Tanya Solorio and Sergeant Mesa did not testify. Notably, Mr. Solorio did not request Ms. Solorio be a witness until less than one month before trial. (Doc. 122) When he did seek her testimony—and that of Ms. Mesa—he did not want either to appear at the trial. *Id.* Rather, he sought to have each "testify" through a declaration that he drafted and signed. *Id*. The Court refused this request but allowed him to subpoena the prospective witnesses to testify at trial. (Doc. 124)

Mr. Solorio provided the witness fees on September 8, 2023, and the U.S. Marshal Service set about serving the witnesses using the addresses supplied by the plaintiff (Doc. 124 at 3; Doc. 132; Doc. 143) The USMS attempted to serve Ms. Solorio at the address provided by the plaintiff and determined that the address provided was incorrect. (Doc. 143) Apparently, Ms. Solorio moved from the address in 2020. *Id.* This discovery occurred only a few days before the trial was to begin. Thus, because Ms. Solorio had not been served by the time of the trial, she could not be compelled to testify.

Mr. Solorio also sought to have Sergeant Mesa[1] testify about the events at issue. Mr. Solorio admitted that he had denied there were any witnesses to the events during the investigation into the events and during discovery and had purposefully not identified Sergeant Mesa as a witness due to his concerns that the witness would be subject to retaliation. He admitted that he knew Sgt. Mesa was a witness from the day of the events.[2] The Court granted the defense request to preclude Sergeant Mesa from testifying, based upon the violation of Rule 26 and according to Rule 37. Mr. Solorio could have

---

[1] The Court was advised by defense counsel that Sgt. Mesa's subpoena was left at her work they day before she was to appear, but that she was not at work on the day of service to receive the subpoena.

[2] Mr. Solorio stated that she was present when he was placed in handcuffs and lead away by the defendants and that another inmate told him later that Sgt. Mesa put the yard in lockdown after he was beaten.

3

and should have identified Ms. Mesa, and Ms. Mesa was not otherwise revealed as a witness during the discovery period. Thus, the motion is **DENIED** on this basis.

### C. Declarations of inmates Lopez, Gonzalez and Baez

In his pretrial statement, Mr. Solorio indicated he wished to have these inmates testify via a declaration. (Doc. 119 at 4) The defense moved in limine to preclude the presentation of this evidence in this manner. (Doc. 110 at 3-4) The Court granted the motion. (Doc. 137 at 5) Mr. Solorio fails to provide any authority that this ruling was in error. On the other hand, he argues that the testimony of the defendants would have been contradicted by the declarations that were not allowed. This fails to demonstrate that the defendants' testimony was untruthful. The motion is **DENIED** on this basis.

### D. Testimony of Barthelmes, Cozakos and Feliciano

In his motion, Mr. Solorio argues, in essence, that witnesses Barthelmes, Cozakos and Feliciano offered no testimony of value. Even if true, this fails to demonstrate that the Rule 59(e) motion should be granted. Moreover, Mr. Barthelmes testified he conducted the "use of force" interview of Mr. Solorio and videotaped it. He testified he observed a minor injury on Mr. Solorio's knee or shin and asked Mr. Solorio about any other injuries and there were none.

Mr. Cozakos testified that he was on duty until 2 p.m. on the day of the events. He was in the observation tower of the yard at issue and could see the area where Mr. Solorio claimed he was handcuffed but could not see the area where Mr. Solorio claimed he was beaten. He said he did not see Mr. Solorio being handcuffed and did not sound the alarm.

Ms. Feliciano was a Licensed Vocational Nurse at the facility on August 23, 2018—13 days after the events at issue. She testified, initially, that Mr. Solorio told her he had been beaten by officers. Then, when she refreshed her recollection by reviewing her medical notes from the visit, she corrected herself and said that she saw him for complaints that were unrelated to the injuries he claimed he suffered at the hands of the defendants.

Because each of the witnesses presented some relevant testimony, the claim that they did not, does not support the Rule 59(e) motion, and the motion is **DENIED** on this basis.

### D. Failure to strike counsel's statements

The plaintiff seems to argue that the Court should have stricken defense counsel's argument, in

4

which he asserted that the plaintiff lied at trial. (Doc. 157 at 2) Notably, both sides accused the other side of lying during their arguments. The Court instructed the jury twice that the statements of counsel and Mr. Solorio, when he was acting as his own lawyer, was not evidence.  Thus, the plaintiff has failed to demonstrate that the requirements of Rule 59(e) have been met and the motion is **DENIED** on this basis.

## ORDER

Because the plaintiff has failed to meet his burden of demonstrating that there is newly discovered evidence or the Court committed clear error, the motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 4, 2023**

UNITED STATES DISTRICT JUDGE

5