1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ADRIAN SOLORIO,                          No.  1:19-cv-00688 JLT GSA (PC)

12                    Plaintiff,

13         v.                                 ORDER DENYING PLAINTIFF'S REQUEST
                                              FOR COPY OF TRANSCRIPT
14   W. SULLIVAN, et al.,
                                              (ECF No. 163)
15                    Defendants.

16

17         Plaintiff, a state prisoner proceeded pro se and in forma pauperis in this 42 U.S.C. § 1983

18   civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28

19   U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         Before this court is Plaintiff's motion which requests a copy of the trial transcript that is

21   paid for by the government.  ECF No. 163.  For the reasons stated below, the motion will be

22   denied.

23         I.     RELEVANT PROCEDURAL HISTORY

24         On September 21, 2023, after a jury trial, a verdict was reached, judgment was entered,

25   and this case was closed.  ECF Nos. 153, 154 (jury verdict; judgment).  Thereafter, on October 3,

26   2023, a notice of appeal filed by Plaintiff in the Ninth Circuit was docketed and processed.  ECF

27   Nos. 159, 160 (notice of appeal; Circuit process of same).  On October 10, 2023, the instant

28   motion for transcripts filed by Plaintiff was docketed.  ECF No. 163.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     DISCUSSION

In support of Plaintiff's request to receive the transcripts from his jury trial, he cites to Federal Rule of Appellate Procedure 10.  ECF No. 163 at 1.  He also appears to assert that the copy of the transcript should be paid for by the United States pursuant to the Criminal Justice Act.[1]  Id. at 1 (case caption of pleading alluding to same).

The request must be denied for several reasons.  First, Plaintiff's reference to the Criminal Justice Act ("CJA") in support of the motion is improper.  The CJA is applicable to criminal matters.  Plaintiff's case was a civil action, not a criminal one.

Next, Plaintiff's reliance on Rule 10 for the argument that he should receive a copy of the transcript from his trial is misguided.  Rule 10 simply informs litigants what constitutes the record on appeal.  See Fed. R. App. P. 10(a).  According to it, original papers and exhibits, the transcript of the proceedings, and a certified copy of the docket entries are what constitute the record on appeal.  Id.  Furthermore, the language in it that refers to the government paying for transcripts is conditional, and it presupposes that the matter is governed by the CJA.  See Fed. R. App. P. 10(b)(1)(A)(ii) ("[**I]f** the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state.").  Again, because this matter is civil in nature, the CJA is not applicable.

Plaintiff's request must also be denied because the use of public funds on behalf of an indigent litigant is only proper when authorized by Congress.  United States v. MacCollom, 426 U.S. 317, 321 (1976); see Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (citing Macollom).  The in forma pauperis statute only authorizes payment for transcripts by the United States in very limited circumstances.  See 28 U.S.C. § 1915(c) (allowing for government subsidized transcript copy if requested by district court in proceeding before magistrate); Arceo v. Salinas, No. 2:11-cv-2396 MCE KJN P, 2017 WL 4959590, at *2 (E.D. Cal. Nov. 1, 2017) ("There is no provision under the Federal Rules or the Local Rules for free copies of deposition transcripts.").

---

[1]  See 18 U.S.C. § 3006A.  The statute governs the adequate representation of defendants.

2

1    Finally, although 28 U.S.C. § 753(f) allows for the government to pay for transcripts

2    provided to plaintiffs in civil matters, it does so only when either the trial or circuit judge has

3    certified that the appeal is not frivolous and that the transcript is needed to decide the issue

4    presented on appeal.  Id.; Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984) (stating

5    court order directing production of transcript at government expense pursuant to Section 753(f)

6    constitutes implicit finding by court that appeal presents substantial issue).  The docket fails to

7    indicate that certification by either court that the appeal is not frivolous has occurred.  See

8    generally ECF Nos. 154, 156, 160-62 (orders and notices issued by courts post-verdict).  In

9    addition, neither the District Court, nor the Ninth Circuit have indicated that the trial transcript

10   will be needed on appeal.  See generally id.  For these reasons, Plaintiff's motion will be denied.

11   Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a copy of the trial

12   transcript in this matter that is paid for by the government (ECF No. 163) is DENIED.

13

14

15   IT IS SO ORDERED.

16   Dated:   **October 11, 2023**                    **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

3